UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | No. 11 CR 80 |
| v. | ) | Judge Blanche M. Manning |
| | ) | |
| MICHAEL KNIGHT, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Defendant Michael Knight has filed multiple pretrial motions, to which the government has responded. The court addresses each motion in turn.

**Motion for Production of Favorable Evidence [79-1]**

Knight has moved for the immediate disclosure of all favorable evidence and evidence that bears upon the credibility of witnesses. He then identifies a long list of information requested, including promises made to potential witnesses in exchange for their testimony, criminal backgrounds of potential witnesses, and notes made during interviews with potential witnesses.

In response, the government has acknowledged its continuing obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) to disclose information that may be exculpatory or impeaching, and has committed to producing that evidence in a timely manner. However, it notes that Knight's motion is overly broad by requesting agents' notes of interviews with potential witnesses. Under Federal Rule of Criminal Procedure 16(a)(2), "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case" are not subject to discovery except as provided in 18 U.S.C. § 3500, under which a defendant is entitled to certain prior statements of government witnesses. The government has also acknowledged its obligations under 18 U.S.C. § 3500 and has committed to producing the statements as required. It has also directed agents to retain their notes.

Given the government's assurances that it will comply with its obligations under *Brady*, *Giglio*, and 18 U.S.C. § 3500, Knight's motion must be denied as moot. *See United States v. Silesia Flavorings, Inc.*, No. 03 CR 851, 2004 WL 419904, at *6 (N. D. Ill. Mar. 1, 2004) (government's promise to comply with *Brady* rendered motion for exculpatory or impeaching evidence moot). The government has committed to provide witness statements under 18 U.S.C. § 3500 two weeks before trial, but the court believes that 30 days before trial is reasonable.

Therefore, Knight's motion for the production of exculpatory and impeachment evidence is denied as moot, and the government is ordered to produce witness statements under 18 U.S.C. § 3500, and any remaining *Brady* and *Giglio* materials not already produced no later than 30 days before trial.

**Motion for *Santiago* Proffer [80-1]**

Knight has moved for an order requiring the government to produce statements made by his alleged coconspirators at the earliest possible time. The government has agreed to produce a written *Santiago* proffer 30 days before trial.

Knight has not identified why he needs the *Santiago* proffer more than 30 days before trial, nor does this case appear to be unusually complicated such that 30 days before trial would be an unreasonable deadline. Accordingly, the court grants Knight's motion for a *Santiago* proffer [72-1], and orders the government to produce the proffer no less than 30 days before trial.

**Motion for a List of Government's Witnesses [81-1]**

Neither the Constitution nor Federal Rule of Criminal Procedure 16 requires the government to provide a defendant in a noncapital case with a list of all prospective witnesses. *United States v. Braxton*, 877 F.2d 556, 560 (7th Cir. 1989). Nevertheless the court may order the government to produce such a list if the defendant identifies a particularized need. *United States v. Patel*, No. 01 CR 716, 2002 WL 1750948, at *2 (N.D. Ill. July 26, 2002).

Knight has not identified any particularized need for a list of government witnesses. However, the government has agreed to produce such a list two weeks before trial. Given Knight's failure to identify a particularized need for the witness list more than two weeks before trial, the government's offer appears to be reasonable.

Accordingly, Knight's motion for a list of government witnesses is granted, and the government shall produce the list no later than two weeks before trial.

**Motion for Notice of Intent to use Expert Testimony and for *Daubert* Hearing [82-1]**

Knight has essentially asked the court to enforce Federal Rule of Civil Procedure 16(a)(1)(G) and the Federal Rules of Evidence that pertain to expert witnesses. The court is obligated to enforce federal rules and statutes in all proceedings, so Knight's motion is denied as unnecessary.

As for his request for a *Daubert* hearing if the government identifies expert witnesses, the request is denied as premature as the government has not yet identified expert witnesses.

**Motion to Sever [83-1]**

Knight seeks to sever the proceedings against him from the proceedings against his co-defendants. The court presumes that Knight seeks severance under Federal Rule of Criminal Procedure 14(a), which states that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

Knight contends that a joint trial would prejudice him because if his trial is severed, "certain co-defendants could testify relative to the independence of Mr. Knight from other alleged members of the conspiracy." Motion [83-1] at 1. He argues that in a joint trial, those same co-defendants might exert their Fifth Amendment right not to testify and that, even if they did testify, it "may be difficult for a jury to discern" that he operated independently "when barraged by allegations relative to the co-defendant's actions." *Id.* at 2.

To succeed on a motion to sever based upon anticipated exculpatory testimony from a codefendant, a trial court must consider three factors: "(1) whether the co-defendant's testimony would be exculpatory; (2) whether the co-defendant would in fact testify; and (3) whether the testimony would bear on defendant's case." *United States v. Melton*, 689 F.2d 679, 686 (7th Cir. 1982) (citations omitted). "Speculation just does not cut it." *United States v. Tolliver*, 937 F.2d 1183, 1189 (7th Cir. 1991). "Severance cannot be granted on the basis of a vague, unsupported assertion that a codefendant would testify favorably in a separate proceeding." *United States v. Andrus*, 775 F.2d 825, 847 (7th Cir. 1985). *See also United States v. Kord*, 836 F.2d 368, 373 (7th Cir. 1988) ("The mere possibility of a co-defendant's testimony is insufficient grounds for a severance.").

Knight's motion offers nothing but speculation that co-defendants may provide potentially exculpatory testimony about his conduct. Because speculation is insufficient to succeed on a motion to sever, the motion is denied.

**Motion to Adopt Co-Defendants' Pretrial Motions [84-1]**

Knight seeks to adopt the pretrial motions filed by his codefendants. However, his codefendants have not filed pretrial motions. Accordingly, Knight's motion is denied as moot.

**Motion for Leave to File Additional Motions [85-1]**

Knight asks for leave to file additional pretrial motions. The motion is denied without prejudice because Knight has offered no explanation for why he did not file all of his pretrial motions by the July 14, 2011, deadline (a deadline that had already been extended at the request of defense counsel). If Knight seeks to file an additional pretrial motion, he shall file a motion for leave containing an explanation of why he could not have filed the pretrial motion any earlier.

**Motion in Limine Regarding Drug Amount, Argument of Penalty [86-1]**

Finally, Knight asks that (1) jurors be given a special interrogatory in which they are asked to determine a drug quantity attributable to Knight, (2) defense counsel be allowed to explain the effect of jurors' drug quantity determination on Knight's sentence, and (3) defense counsel be allowed to argue that the 20-year mandatory minimum sentence he potentially faces under 21 U.S.C. § 841(b) if convicted would be cruel and unusual punishment prohibited by the Eighth Amendment.

The government does not object to use of a special interrogatory on the issue of drug quantity, so that portion of Knight's motion is granted.

The remainder of the motion is denied. Defendants may not refer to the potential penalties they face if convicted. *See United States v. Richardson*, 130 F.3d 765, 778 (7th Cir. 1997) ("arguing punishment to a jury is taboo."). In addition, the Seventh Circuit has concluded that mandatory minimum sentences imposed under 21 U.S.C. § 841(b) do not constitute cruel and unusual punishment under the Eight Amendment. *See United States v. Romo*, 914 F.2d 889, 899 (7th Cir. 1990) ("We have repeatedly found that sentences imposed pursuant to § 841(b) are constitutional and do not violate the prohibition against cruel and unusual punishment.") (internal quotation marks and citation omitted).

## CONCLUSION

Knight's pretrial motions are resolved as follows:

1. the motion for production of favorable evidence [79-1] is denied as moot and the government is directed to produce *Brady*, *Giglio*, and 18 U.S.C. § 3500 materials no less than 30 days before trial;

2. the motion for a *Santiago* proffer [80-1] is granted and the proffer shall be produced no less than 30 days before trial;

3. the motion for a list of government witnesses [81-1] is granted and the government shall produce the list no less than 14 days before trial;

4. the motion for notice of government's intent to use expert witnesses and for a *Daubert* hearing [82-1] is denied as follows: the motion for notice of the government's intent to use expert witnesses is denied as unnecessary, and the motion for a *Daubert* hearing is denied as premature;

5. the motion to sever [83-1] is denied;

6. the motion to adopt co-defendants' pretrial motions [84-1] is denied as moot;

7. the motion for leave to file additional pretrial motions [85-1] is denied without prejudice;

8. the motion regarding drug quantity and penalties faced [86-1] is granted in part and denied in part as follows: the motion for a special interrogatory on drug quantity is granted and the parties are directed to meet and confer on an agreed verdict form, while the remainder of the motion is denied.

ENTER:

DATE: September 15, 2011

_____
Blanche M. Manning
United States District Judge